This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

DUNN

Mailed: July 22, 2011

Opposition No. 91198708

New Orleans Louisiana Saints
LLC and NFL Properties LLC

v.

Who Dat?, Inc.

**Elizabeth A. Dunn, Attorney:**

This case now comes up on cross-motions to suspend this opposition on, respectively, different grounds, namely the disposition of other oppositions against the application and of a civil action against the same application.[1]  Each motion requires a different analysis. For clarification, the Board's practices regarding multiple opposers of an application and multiple proceedings against an application are set forth below.[2]

---

[1]    Applicant apparently filed three motions to suspend, but no action will be taken with respect to docket entry #4, which was filed inadvertently in this proceeding, or docket entry #7, which is a duplicate paper.

[2]    There are parallel practices regarding multiple petitioners or proceedings against a registration.  However, it is less common to have multiple petitions or actions pending simultaneously against a registration, and the order will refer only to oppositions.

*Multiple Unrelated Opposers*

On occasion, one application is the subject of multiple oppositions, unrelated except insofar as they address the same application. *See Stuart Spector Designs Ltd. v. Fender Musical Instruments Corp*., 94 USPQ2d 1549 (TTAB 2009); *DataNational Corp. v. BellSouth Corp.,* 18 USPQ2d 1862 (TTAB 1991); *Vaughn Russell Candy Co. v. Cookies in Bloom Inc*., 47 USPQ2d 1635, 1636 (TTAB 1998). Because the Board and the parties are interested in the prompt disposition of pleaded claims and defenses, separate oppositions against the same application typically proceed simultaneously. Any amendments to the opposed application must be made with the consent of all opposers. 37 CFR Section 2.133(a) (Trademark Rule 2.133(a). Likewise, any voluntary abandonment of the application must be made with the written consent of all opposers, or judgment will entered for each opposer who has not consented to the abandonment. 37 CFR Section 2.135 (Trademark Rule 2.135).[3]

---

[3] When an application that is the subject of multiple oppositions is voluntarily abandoned, each opposition will necessarily be sustained or dismissed, depending on whether the opposer has consented to the abandonment. In contrast, when the Board sustains one opposition on its merits, either on summary judgment or at final hearing, this will result in abandonment of the application, but the other oppositions will remain pending. In such cases, the Board generally issues an order to each opposer for the remaining oppositions, requiring notice from each such opposer as to whether it wishes to go forward to obtain judgment on the merits, failing which the opposition will be dismissed as moot. Where the Board dismisses one opposition to an application, the entry of judgment for applicant has no bearing on the other pending

In view of this practice, the Board seldom grants a motion to suspend an opposition pending the disposition of other oppositions against the same application unless the motion includes the consent of the other parties. If the Board were to pick one among multiple oppositions to proceed, and to suspend all others, there is potential prejudice to those who did not consent to suspension.[4] Accordingly, in the absence of consent, a motion to suspend an opposition on the ground that another opposition against the same application may be successful, making the movant's opposition moot, in most cases will be denied.

When there are common claims in separate oppositions against the same application, the Board's interest in consistency and economy may dictate an exception to the practice that the oppositions go forward simultaneously. In the usual circumstance involving multiple oppositions, the various opposers plead one or more common claims, for example, the mark fails to function as a trademark, or is merely descriptive or generic as applied to the goods or

oppositions, and the opposed application will not go forward to issue until a final order has been entered in all pending oppositions.

[4] Evidence or witnesses may be lost if there is a protracted delay in the ability of opposers or applicants to bring their claims and defenses. *See for example Prakash Melwani v. Allegiance Corporation,* 97 USPQ2d 1537, 1541 (TTAB 2010); *Gaylord Entertainment Co. v. Calvin Gilmore Productions Inc.*, 59 USPQ2d 1369, 1372 (TTAB 2000) (in determining whether excusable neglect allows the reopening of testimony periods, the Board considers any prejudice to the non-moving party such as lost evidence or unavailable witnesses).

services, and the common claim indicates that duplicative evidence may be submitted. Thus, the Board may order suspension of other oppositions pending disposition of the opposition that has proceeded the furthest and is closest to issuance of a Board final decision, because that decision may have a bearing on the common claims in the other oppositions. 37 CFR Section 2.117(a) (Trademark Rule 2.117(a)). If the multiple oppositions against the same application are at the same stage of litigation and plead the same claims, the Board may order consolidation. *See Stuart Spector Designs Ltd. v. Fender Musical Instruments Corp.*, 94 USPQ2d 1549 (TTAB 2009); *DataNational Corp. v. BellSouth Corp.,* 18 USPQ2d 1862 (TTAB 1991); TBMP §511 (3[d] ed. 2011).

In the instant case, application Serial No. 85113102 seeks registration under Trademark Act Section 1(b) for the mark WHO DAT, in standard character form, for a variety of goods and services, and is the subject of three oppositions brought by different parties. In this proceeding, New Orleans Louisiana Saints LLC and NFL Properties LLC bring claims of priority and likelihood of confusion, deceptiveness, and false suggestion of a connection with their registered marks including NEW ORLEANS SAINTS, SAINTS, NFL, SUPER BOWL, fleur-de-lis design, and black and

4

gold football uniforms. In Opposition No. 91198673, a third party brings claims that the mark is merely descriptive, functional, and generic. In Opposition No. 91198706, another third party brings claims that the mark is merely descriptive or generic.

The Board disagrees with applicant's statement that the pleaded issues in this case "are essentially duplicates of claims" in the other oppositions brought against the application. If applicant successfully defends against the instant opposers' claims of likelihood of confusion, deceptiveness, and false association, this will have no bearing on the ability of the other opposers to bring their claims that the mark is merely descriptive, functional, and generic. Because the instant opposers have not consented and the claims in the other oppositions differ from the claims involved here, applicant's motion to suspend this opposition pending the disposition of the other oppositions is denied.

*Civil Proceedings Bearing on the Application or Mark*

If the parties to an opposition are involved in a district court action involving the same mark or the opposed application, the Board will scrutinize the pleadings in the civil action to determine if the issues before the court may have a bearing on the Board's decision

in the opposition. *Forest Laboratories Inc. v. G.D. Searle & Co.,* 52 USPQ2d 1058, 1061 (TTAB 1999)("The parties are allowed until thirty days from the mailing date of this order to submit a copy of the complaint in the civil action in order that the Board may determine whether suspension of proceedings herein is warranted."). A decision by the district court may be binding on the Board whereas a determination by the Board as to a defendant's right to obtain or retain a registration would not be binding or res judicata in respect to the proceeding pending before the court. *Whopper-Burger, Inc. v. Burger King Corp.*, 171 USPQ 805, 807 (TTAB 1971). Thus, the civil action does not have to be dispositive of the Board proceeding to warrant suspension, it need only have a bearing on the issues before the Board. Trademark Rule 2.117(a). *Accord* 6 McCarthy on Trademarks and Unfair Competition §32:47 (4th ed. updated June 2011)("It is standard procedure for the Trademark Board to stay administrative proceedings pending the outcome of court litigation between the same parties involving related issues.").

The parties to this opposition are in reversed positions in a civil action pending in the District Court for the Eastern District of Louisiana (*Who Dat? Inc. v. NFL Properties LLC, New Orleans Louisiana Saints LLC et al.,*

Case No. 2:10-CV-02296-CJB-KWR).  The current complaint alleges, among other claims, trademark infringement of applicant's WHO DAT mark, and seeks, among other remedies, to enjoin use of the term WHO DAT by all the defendants. Inasmuch as the decision by the district court to enjoin use of the WHO DAT mark by opposers would have a bearing on this proceeding, each party has moved to suspend proceedings pending the disposition of the above-referenced civil action in Louisiana.[5]  Accordingly, proceedings are **suspended** pending final disposition of the civil action between the parties.

Within twenty days after the final determination of the civil action, opposer must so notify the Board so that this case may be called up for appropriate action.

During the suspension period the Board shall be notified of any address changes for the parties or their attorneys.

***

---

[5]    More specifically, applicant sought suspension of this proceeding due to the pending oppositions <u>and</u> the civil action, and its motion is denied as to the pending oppositions.  Opposers sought suspension based solely on the civil action, and their motion is granted.